# In the United States Court of Federal Claims
No. 20-793C
Filed: January 6, 2021

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | * |
| **DERRICK MICHAEL ALLEN, SR.,** | * |
| Plaintiff, | * |
| v. | * **Pro Se** Plaintiff; Motion to Dismiss; |
| **THE UNITED STATES,** | * **Subject-Matter Jurisdiction; Tort.** |
| Defendant. | * |
| * * * * * * * * * * * * * * * * * * * * | |

**Derrick Michael Allen, Sr.** pro se, Durham, N.C.

**Joshua E. Kuland,** Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant. With him were **Tara K. Hogan**, Assistant Director, Commercial Litigation Branch, **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, and **Jeffrey B. Clark**, Acting Assistant Attorney General, Civil Division.

**O R D E R**

**HORN, J.**

On June 29, 2020, pro se plaintiff Derek Michael Allen, Sr. filed a complaint in the United States Court of Federal Claims, along with an Application to Proceed In Forma Pauperis.[1] Plaintiff's claims seem to relate to allegations against the United States Postal Service. Plaintiff alleges this court has jurisdiction over the claims based on 28 U.S.C. § 1491(a)(1) and 39 U.S.C. § 201. Plaintiff's complaint states: "PURSuant TO UNiTED STATES FEDERAL CODE 28 USC 1491 (a)(1) - - THE UNiTED STATES COURT OF FEDERAL ClaiMS SHall HAVE JuRiSDicTion TO RENDER judGMent upon any claim against THE UNiTED STATES FoundED upon THE ConSTITUTION, OR any act oF CongRESS."[2] Plaintiff continues, "39 U.S. Code 201 Conveys, 'THERE iS ESTABLSHED, as an iNdEPENdENT EsTaBliSHMEnT OF THE EXECuTiVE BRanCH

---

[1] Plaintiff additionally filed a motion for the appointment of counsel.

[2] Capitalization, grammar, punctuation, abbreviations, spelling, emphasis, and choice of words when quoted in this Order are as they originally appear in plaintiff's submissions to this court.

1

OF THE GovERNMENT OF THE UNiTED STATES, THE UNiTED STATES POSTAL SERViCE.'"

Plaintiff asserts wrongdoing by the United Stated Postal Service in a section titled: "STATEMENT OF THE CLAIM:"

> (NOTE: Customer Service at 323 E. Chapel Hill St. and 3710 Shannon Rd. is aweful). I closed my post office box at 323. E. Chapel-Hill St. and was denied a refund by postal clerk Rosey. I reopened another post office box (51368) at 3710 Shannon Rd. in Durham N.C. 27717-1368. I've ordered stamps online @ www.usps.com - - order # 01408239158, 01384113929 & 01382880794 these purchase(s) were made at different dates 6/20/2020, 05/09/2020 and 05/07/2020, I have not received any order of stamp – online activity shows order completed but not order shipped. Also, I went online and linked my online account to my P.O. Box so I could use 3710 Shannon Road as an physical street address, but mail clerks for U.S.P.S. refused to process my paper-work, Because I choose not to leave a signature on File.

Plaintiff ends his "STATEMENT OF THE CLAIM" section by listing the numbers of various "Service Requests," and asserting that "[l]astly, they're always mishandling or not providing mail to I at certain times." Plaintiff ends the complaint with the attachment of a "Customer Agreement for Premium PO Box Service Additional Services" and 17 pages of an account statement from his bank. Plaintiff seeks "to be compensated in accordance with Federal Law; 39 U.S.C. 409(h)."

In addition to his current complaint, plaintiff Derek Michael Allen, Sr. has filed other complaints in this court. See Allen v. United States, No. 20-792C, 20 WL 4188172 (Fed. Cl. July 21, 2020) (appeal docketed); Allen v. United States, No. 20-570C (Fed. Cl. May 5, 2020); Allen v. United States, No. 20-437C (Fed. Cl. Apr. 13, 2020). Plaintiff has a history of filing lawsuits in the United States District Court for the Middle District of North Carolina which were dismissed as frivolous. See Allen v. Elwell, No. 19-766, 2019 WL 7293403 (M.D.N.C. Dec. 30, 2019); Allen v. Campbell, No. 19-765, 2019 WL 6936729 (M.D.N.C. Dec. 19, 2019); Allen v. Mine, No. 19-750, 2019 WL 6529460 (M.D.N.C. Dec. 4, 2019), subsequently aff'd, 801 F. App'x 181 (4th Cir.), cert. denied, 141 S. Ct. 282 (2020).[3] Additionally, plaintiff further also recently filed multiple other cases in the United States District Court for the Middle District of North Carolina, appeals to the United States Court of Appeals for the Fourth Circuit, and writs of certiorari to the United States Supreme Court. See generally United States v. Allen, 820 F. App'x 237 (4th Cir. 2020); pet. for cert. docketed (U.S. Nov. 30, 2020); Allen v. Total Visa, 809 F. App'x 170 (4th Cir.), cert. denied sub nom. Allen, Derrick M. v. Total Visa, et al., 141 S. Ct. 342 (2020); Allen v. Glines, 805 F. App'x 247 (4th Cir.), cert. denied sub nom. Allen, Derrick M. v. Glines, Sara, et al., 141 S. Ct. 383 (2020); Allen v. Tri-Lift N. Carolina, Inc., 805 F. App'x 245 (4th Cir.), cert. denied sub nom. Allen, Derrick M. v. Tri-Lift N. Carolina Inc., et al., 141 S. Ct. 3830 (2020); Allen v. Wire, 801 F. App'x 182 (4th Cir.), cert. denied, 141 S. Ct. 304 (2020); Allen v. Jordan,

---

[3] Additionally, one of plaintiff's cases in the Unites States District Court for the Eastern District of North Carolina was dismissed as frivolous. See Allen v. Town of Cary's Police Dep't, No. 20-144, 2020 WL 5646097 (E.D.N.C. Sept. 22, 2020).

801 F. App'x 182 (4th Cir.), cert. denied, 141 S. Ct. 282 (2020); Derrick Allen v. North Carolina, No. 20-1130 (4th Cir. Feb. 5, 2020); Derrick Allen v. Phillip Jordan, No. 20-1109 (4th Cir. Jan. 30, 2020); Allen v. N. Carolina Office of Admin. Hearings, No.19-786, 2020 WL 353539 (M.D.N.C. Jan. 21, 2020), aff'd sub nom. Allen v. N. Carolina Admin. Hearings, 805 F. App'x 246 (4th Cir.), cert. denied sub nom. Allen, Derrick M. v. North Carolina, et al., 141 S. Ct. 382 (2020); Allen v. Moore, No. 19-710, 2020 WL 137313 (M.D.N.C. Jan. 13, 2020), appeal dismissed, 808 F. App'x 212 (4th Cir.), cert. denied, 141 S. Ct. 324 (2020), reh'g denied, 2020 WL 7327924 (U.S. Dec. 14, 2020); Allen v. RentGrow, Inc., No. 20-256, 2020 WL 5647918 (M.D.N.C. Sept. 10, 2020), appeal dismissed, 830 F. App'x 418 (4th Cir. 2020); Allen, Sr. v. Hudson, No. 20-693 (M.D.N.C. July 29, 2020); Allen, Sr. v. Bradley, No. 20-694 (M.D.N.C. July 29, 2020); Allen, Sr. v. Amazon Corp. et al., No. 20-657, (M.D.N.C. July 15, 2020); Allen, Sr. v. North Carolina Dep't of Health and Human Services et al., No. 20-582 (M.D.N.C. June 25, 2020), Allen, Sr. v. Burlington Housing Authority, No. 20-486 (M.D.N.C. June 1, 2020), Allen, Sr. v. Nat'l Jewelry & Pawn et al., No. 20-331 (M.D.N.C. Apr. 13, 2020); Allen, Sr. v. Davis, No. 20-316 (M.D.N.C. Apr. 8, 2020); Allen, Sr v. Suntrust Bank et al, No. 20-293 (M.D.N.C. Mar. 30, 2020); Allen, Sr. v. Domino's et al., No. 20-205 (M.D.N.C. Mar. 5, 2020).

In response to the above captioned complaint in Case No. 20-793C, defendant filed a motion to dismiss plaintiff's complaint for a lack of jurisdiction, pursuant to Rule 12(b)(1) (2020) of the Rules of the United States Court of Federal Claims (RCFC). Defendant argues that "none of the claims raised by plaintiff Derrick Michael Allen, Sr. are within this Court's power to decide." Defendant argues that plaintiff's "'customer service' complaints do not identify any money-mandating source of substantive law providing a right of action against the United States for money damages," and "the Court lacks subject matter jurisdiction to adjudicate claims relating to the mishandling of mail because those claims sound in tort."

Plaintiff responded to the motion to dismiss by reasserting his allegation that the United States Postal Office is a federal entity which the United States Court of Federal Claims should have jurisdiction over, stating:

> Plaintiff oppose(s) defendant recommendation of Dismissal. The United States Postal Service is recognized as an Federal Entity; See, 39 CFR § 1.1 ESTABLISHMENT OF U.S. POSTAL SERVICE . . . . . . *The U.S. Postal Service is established under the provisions of the Postal Reorganization Act (the Reorganization Act) of 1970, Public Law 91-375, 84 Stat. 719, as amended by the Postal Accountability and Enhancement Act of 2006 (PAEA), Public Law 109-435, 120 Stat. 3198, as an independent establishment of the executive branch of the Government of the United States, under the direction of a Board of Governors, with the Postmaster General as its chief executive officer. The Board of Governors of the Postal Service (the Board) directs the exercise of its powers through management that is expected to be honest, efficient, economical, and mindful of the competitive busines environment in which the Postal Service operates. The Board consists of nine Governors appointed by the President, by and with the advice of the Senate, to represent the public interest generally, together*

> *with the Postmaster General and Deputy Postmaster General. [ see, 39 U.S.C. § 201 ].* Therefore, Pursuant to 28 U.S.C. § 1491(a)(1) . . . . . . The United States Federal Court of Claims shall have jurisdiction to render judgment upon any claim against the United Stated founded upon by the Constitution . . . . . In which the First Amendment of the United States Constitution affords the right to petition the government for an redress of grievances . . . ."
>
> Here Petitioner petitioned the Federal court of claims involving issues of mail service, purchase(s) of item made online at www.usps.com in which the plaintiff never received returned services on items purchased; Money kept from an pervious Post office Box and not refunded to I (P.O. Box 25419 Durham, North Carolina 27702 ); Attempts to alleviate any hardship through filing complains online or sending (*See Complaint for actual listing of complain service No.*) has been frugal or rather non-existent.

(omissions in original).

Subsequently, defendant filed a reply brief arguing that "[n]othing in plaintiff Derrick Michael Allen, Sr.'s response to our motion to dismiss alters the fact that this Court lacks subject-matter jurisdiction over Mr. Allen's claims." Defendant again maintains that plaintiff Derrick Michael Allen Sr. has failed to identify "any money-mandating source of substantive law providing a right of action against the United States for money damages."

## D I S C U S S I O N

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Jackson v. United States, 143 Fed. Cl. 242, 245 (2019), appeal docketed; Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Kelley v. Secretary, U.S. Dep't of

Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [] jurisdictional requirement[s] and set a different rule for pro se litigants only."); Schallmo v. United States, 147 Fed. Cl. 361, 363 (2020); Hale v. United States, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004))); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also St. Bernard Parish Gov't v. United States, 916 F.3d 987, 992-93 (Fed. Cir. 2019) ("[T]he court must address jurisdictional issues, even sua sponte, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case." (citing Foster v. Chatman, 136 S. Ct. 1737, 1745 (2016)); Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007); Fanelli v. United States, 146 Fed. Cl. 462, 466 (2020). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also United States v. Mitchell, 463 U.S. 206, 216 (1983); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); Kuntz v. United States, 141 Fed. Cl. 713, 717 (2019). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881

5

(Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Jackson v. United States, 143 Fed. Cl. at 245. In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The Ontario Power Generation, Inc. court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [(1976)] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed.

6

Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)."); see also Me. Community Health Options v. United States, 140 S. Ct. 1308, 1327-28 (2020). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp. v. United States, 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Downey v. United States, 147 Fed. Cl. 171, 175 (2020) ("And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation." (citing Cabral v. United States, 317 F. App'x 979, 981 (Fed. Cir. 2008))); Jackson v. United States, 143 Fed. Cl. at 245 ("If the claim is not based on a 'money-mandating' source of law, then it lies beyond the jurisdiction of this Court." (citing Metz v. United States, 466 F.3d 991, 997 (Fed. Cir. 2006)).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2020); Fed. R. Civ. P. 8(a)(1), (2) (2020); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014); see also Hale v. United States, 143 Fed. Cl. at 190. As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

As indicated above, defendant argues that "none of the claims raised by plaintiff Derrick Michael Allen, Sr. are within this Court's power to decide." Plaintiff's complaint alleges only that he has filed customer service and product refund requests with the United States Postal Service which have been denied, including the closing of a post office box, and orders of stamps which allegedly have yet to be shipped to his registered post office box. According to defendant, plaintiff's "'customer service' complaints do not identify any money-mandating source of substantive law providing a right of action against the United States for money damages."

Plaintiff responds that his claims for relief are a "[r]equest to be compensated in accordance with Federal Law; 39 U.S.C. 409(h)." Section 409(h) of Title 39 states: "A judgment against the Government of the United States arising out of activities of the Postal Service shall be paid by the Postal Service out of any funds available to the Postal Service, subject to the restriction specified in section 2011(g)." 39 U.S.C. § 409(h) (2018).[4] The statute cited by plaintiff only provides the source of any funds should there be a judgment entered against the United States Postal Service. Plaintiff has not alleged nor demonstrated that a judgment against the Postal Service has been entered or that this court has jurisdiction to adjudicate plaintiff's claims. Nothing in 39 U.S.C. § 409(h) cited by plaintiff establishes a money-mandating provision that meets the requirements of the Tucker Act. See 28 U.S.C. § 1491.

Plaintiff additionally alludes to general allegations of mishandling and withholding of his mail in his complaint. Defendant argues these claims also are not within the court's subject matter jurisdiction and sound in tort. The Tucker Act specifically excludes tort claims from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort") (emphasis added). see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv. Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because Brown and Darnell's complaints for fraudulent assessment[s]' are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims."), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961, (1994); Hampel v. United States, 97 Fed. Cl. at 238; Kant v. United States, 123 Fed. Cl. 614, 616 (2015) ("[Plaintiff's] claims for 'conversion' and 'fraud' sound in tort. . . ."); Cox v. United States, 105 Fed. Cl. 213, 218 (2012) ("[P]laintiffs contend that the United States has engaged in tortious conduct, including harassment and persecution, malfeasance, fraud, abuse, and deception. . . . The Court of Federal Claims does not possess jurisdiction to entertain claims sounding

---

[4] Section 2011(g) of Title 39 provides: "A judgment (or settlement of a claim) against the Postal Service or the Government of the United States shall be paid out of the Competitive Products Fund to the extent that the judgment or claim arises out of activities of the Postal Service in the provision of competitive products." 39 U.S.C. § 2011(g) (2018).

in tort."); Jumah v. United States, 90 Fed. Cl. 603, 607 (2009) ("[I]t is well established that the Court of Federal Claims does not have jurisdiction over tort claims."), aff'd, 385 F. App'x 987 (Fed. Cir. 2010); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); Fullard v. United States, 77 Fed. Cl. 226, 230 (2007) ("This court lacks jurisdiction over plaintiff's conspiracy claim because the Tucker Act specifically states that the Court of Federal Claims does not have jurisdiction over claims 'sounding in tort.'"); Edelmann v. United States, 76 Fed. Cl. 376, 379-80 (2007) ("This Court 'does not have jurisdiction over claims that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties.'") (quoting Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998)); McCullough v. United States, 76 Fed. Cl. 1, 3 (2206); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). Plaintiff's claims allegations of mishandling and withholding his mail sound in tort. See Przespo v. United States Post Office, 177 F. Supp 3d 793, 796 (W.D.N.Y. 2016). This court has no subject matter jurisdiction over plaintiff's tort claims.

## C O N C L U S I O N

For the reasons above, defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED**. Plaintiff's Application to Proceed In Forma Pauperis is **MOOT** and plaintiff's motion for the appointment of counsel is **MOOT**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

                                        s/Marian Blank Horn
                                        **MARIAN BLANK HORN**
                                                **Judge**